IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD JENKINS,

        Plaintiff,

    v.

VESTAS-AMERICAN WIND TECHNOLOGY,
INC.,a foreign corporation,

        Defendant.

Case No. 3:12-cv-01758-AA
OPINION AND ORDER

---

Craig A. Crispin
Crispin Employment Lawyers
1834 S.W. 58th Avenue, Suite 200
Portland, Oregon 97221

John Judge
Judge, Kostura & Putnam, PC
2901 Bee Cave Road, Box L
Austin, Texas 78746
    Attorneys for plaintiff

Carol J. Bernick
James G. Parker
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Richard Jenkins moves to amend his complaint against defendant Vestas-American Wind Technology, Inc. pursuant to Fed. R. Civ. P. 15. For the reasons set forth below, plaintiff's motion is denied.

### BACKGROUND

From October 2008 through August 2011, plaintiff was employed as a project technician by defendant. As a project technician, plaintiff traveled to wind farm locations nationwide to perform construction and maintenance on wind turbine towers. Plaintiff's direct supervisor was Stacy Nelson, who was based out of defendant's Portland office; plaintiff also reported directly to local supervisors at each job site. The position was physically demanding, requiring plaintiff to lift, push, or carry fifty pounds; climb heights up to 410 feet; work in confined spaces atop towers in adverse weather conditions; stand or walk for prolonged periods; and stoop, kneel, crouch, or crawl regularly.

During his employment with defendant, plaintiff sustained several injuries. Most recently, plaintiff experienced a knee injury that required surgery. On April 1, 2011, plaintiff went on leave under the Family Medical Leave Act ("FMLA") to recover after his knee surgery. After twelve weeks, plaintiff's FMLA leave was exhausted, but he did not have clearance from his doctor to return

Page 2 - OPINION AND ORDER

to work.    Defendant granted plaintiff additional leave from June 24, 2011 to August 12, 2011.    On August 12, 2011, plaintiff was terminated because he still did not have medical clearance to return to full duty work.

On September 28, 2012, plaintiff filed a complaint in this Court, alleging a wrongful discharge under Oregon common Law and two claims of disability discrimination under the American's with Disabilities Act ("ADA") for failure to accommodate and wrongful termination.  On December 12, 2012, the Court entered a scheduling order that set June 14, 2013 as the deadline for completing discovery and June 28, 2013 as the deadline for dispositive motions.[1]  On June 17, 2013, the Court extended the deadline for the parties to complete discovery and file dispositive motions until November 8, 2013 and November 15, 2013, respectively.   On November 15, 2013, defendant moved for summary judgment.   On December 9, 2013, after obtaining a further extension from the Court to respond to defendant's summary judgment motion, plaintiff moved to amend his complaint.

## STANDARDS

Where a party seeks to amend the complaint after the date

---

[1] While the scheduling order did not set a deadline for filing amended pleadings, that deadline was necessarily before dispositive motions were due.

Page 3 - OPINION AND ORDER

specified in a scheduling order, he or she "must first [comply with] Rule 16(b), then . . . must demonstrate that amendment was proper under Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (citations and internal quotations omitted). Under Fed. R. Civ. P. 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (citations and internal quotations omitted).

Pursuant to Fed. R. Civ. P. 15, leave to amend proceedings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts apply Fed. R. Civ. P. 15 with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted under this rule, the court generally considers four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). These factors are not weighted equally: prejudice, alone, can justify the denial of a motion to amend. See Eminence, 316 F.3d at 1052 ("consideration of prejudice to the

opposing party carries the greatest weight").

## DISCUSSION

Plaintiff moved to amend his complaint over one year after he initiated this lawsuit and several weeks after defendant's dispositive motion was filed. In his proposed amended complaint ("PAC"), plaintiff seeks to: (1) amend his existing wrongful discharge claim to allege a violation of the Fair Labor Standards Act ("FLSA"); and (2) add retaliation claims under the FLSA and Or. Rev. Stat. § 659A.199. See Crispin Decl. Ex. A, 7-9.

Defendant opposes the PAC for three reasons. First, defendant argues that plaintiff's delay of more than one year in filing his motion constitutes undue delay and implies bad faith because plaintiff was aware of facts underlying the PAC long before actually seeking amendment. Def.'s Opp'n to Mot. Am. 2-3. Second, defendant asserts that allowing the proposed amendments would be prejudicial because discovery is complete and it has already filed a summary judgment motion, for which briefing is also complete. Id. at 4. Third, defendant contends that the proposed amendments would be futile because plaintiff cannot establish a casual link between the protected activity and his termination, and his Or. Rev. Stat. §659A.199 claim is untimely. Id. at 4-7.

I.   Amendment Under Fed. R. Civ. P. 16

Plaintiff argues that waiting to seek amendment until over one

Page 5 - OPINION AND ORDER

year after filing the original complaint does not constitute undue delay because he did not have a basis for his PAC "until he took Stacy Nelson's deposition on October 3, 2013." Pl.'s Reply to Mot. Am. 3. Specifically, plaintiff asserts that he did not find out that defendant's actions were "motivated by retaliatory as well as discriminatory considerations" until deposing Nelson. Id. at 14.

To state a retaliation claim under the FLSA, the plaintiff must allege that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected activity. Hashimoto v. Dalton, 118 F.3d 671, 679 (9th Cir. 1997). Similarly, to establish a prima facie case under Or. Rev. Stat. § 659A.199, a plaintiff "must show (1) [he] was engaging in a protected activity, (2) [he] suffered an adverse employment decision, and (3) there was a casual link between the protected activity and the adverse employment decision." Sandberg v. City of N. Plains, 2012 WL 602434, *7 (D.Or. Feb. 22, 2012) (citation omitted).

At her October 3, 2013 deposition, Nelson stated that Matt Coleman was the sole decision-maker in deciding to terminate plaintiff. Judge Decl. Ex. B at 2-3. Additionally, Nelson provided testimony about plaintiff's whistle-blowing activities:

> Q: Do you recall a time that [plaintiff] made an anonymous complaint about being asked to work off the clock?

A:    Yes.

Q:    Did his action in making that complaint play any
      role in the decision to terminate his employment?

A:    I could say no, I could say yes, right, I mean –
      it's not supposed to.

Q:    Okay.  What does that mean?  Elaborate on that for
      us, please.

A:    I mean, when an employee gets laid off or let go,
      right, it's supposed to be based on what – the
      situation at the moment.  Yes, [plaintiff] did an
      anonymous call and we all got asked questions about
      it and, yes, it ruffled a couple people's feathers
      . . . I think a lot of it gave that bad vibe in the
      mouth out of the gate, right.  No offense, I mean,
      whenever you have that bad taste in your mouth, you
      know . . .

Q:    So you think that it did play a role in the
      decision to let him go?

A:    It could have given a different attitude of how
      [plaintiff] is as a person.  I mean, I guess, does
      that make sense?  You know, when someone, you know,
      complains about someone, it kind of gives the whole
      perspective of how that employee is.

Q:    Did you ever hear Matthew Coleman say anything
      about that issue?

A:    Yes.

Q:    What did he say?

A:    Well, he didn't agree of it, he – you know – I
      mean, do I recall every word he said about that?
      No.

Q:    No, just your best recollection.

A:    He didn't approve of it.  He didn't agree with it.

Q:    And he's one of tho people who had the bad taste in
      his mouth.

A:    Yes.

Id. at 4-6.  Thus, contrary to plaintiff's assertion, Nelson's testimony does not provide any basis to conclude that defendant retaliated against plaintiff; she vaguely speculates that plaintiff's anonymous report and participation in the investigation could have played a role in defendant's decision to terminate him, which was a fact already within plaintiff's knowledge.

Notably, at his May 23, 2013 deposition, plaintiff discussed his whistle-blower report and defendant's ensuing actions.  See Bernick Decl. Ex. 1.  Plaintiff testified that: (1) he made an anonymous report about not being paid for all of the hours that he worked; (2) supervisors at his job site knew he had made such a report; (3) he felt he was being ostracized and receiving "crumby assignments" because of his report and cooperation during the investigation into his complaint; and (4) he felt that he had to comply with his supervisors' requests to work off the clock or he would lose his job.  Id. at 2-3, 6, 8-9.  These occurrences were sufficient to allow plaintiff to allege retaliation claims under the FLSA and Or. Rev. Stat. § 659A.199 independent of Nelson's

Page 8 - OPINION AND ORDER

deposition testimony.  See Hashimoto, 118 F.3d at 679;  Sandberg,
2012 WL 602434 at *7; see also Fed. R. Civ. P. 8(a)(2).

Indeed, these facts are each within plaintiff's knowledge at
the time of his original complaint, as they relate to things that
were allegedly said or done by or to plaintiff.  See, e.g., Compl.
¶¶ 15, 22, 37 ("[l]ocal managers ostracized plaintiff because of
his participation in the investigation . . . and terminated his
employment"; "defendant terminated plaintiff's employment in
substantial motivating part in retaliation for his requests for
reasonable accommodations"); see also Bojorquaez v. Wells Fargo
Bank, NA, 2013 WL 6055258, *3 (D.Or. Nov. 7, 2013) (denying a
motion to amend, sought on the basis of allegedly "new facts,"
where such "facts are each things that plaintiffs would have known
at the time of their original complaint, as they are things that
were allegedly done by or said to plaintiffs, such that there is no
excuse for plaintiffs' failure to include these facts in their
pleadings").

Therefore, because plaintiff was long aware of a potential
retaliatory motive and because Nelson's equivocal deposition
testimony did not alter or add to plaintiff's knowledge of these
facts, he failed to establish good cause.  See In re W. States
Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir.
2013) ("[t]he good cause standard typically will not be met where
the party seeking to modify the scheduling order has been aware of

Page 9 - OPINION AND ORDER

the facts and theories supporting amendment since the inception of the action"). For these reasons, plaintiff's motion is denied.

## II. Amendment Under Fed. R. Civ. P. 15

Plaintiff contends defendant would not be prejudiced by the PAC because it arises out of the same factual nexus as the original complaint. See Pl.'s Reply to Mot. Am. 7-8. Further, plaintiff asserts that his proposed Oregon statutory claim is not time barred because the applicable statute of limitations, Or. Rev. Stat. § 659A.875, allows relation back, such that Fed. R. Civ. P. 15(c)(1)(B) is satisfied. Id. at 12-13. According to plaintiff, the concept of fair notice to the opposing party is the main issue and therefore the PAC should be allowed because defendant "was on notice of the retaliatory motivation for Plaintiff's termination." Id. at 15.

"Although delay is not a dispositive factor in the amendment analysis, it is relevant . . . especially when no reason is given for the delay." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted). As discussed above, plaintiff's motion was filed after defendant moved for summary judgement. Further, the PAC relies on facts that were available to plaintiff since the inception of this lawsuit. See, e.g., Coleman v. Quaker Oats Co. 232 F.3d 1271, 1295 (9th Cir. 2000) ("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the

Page 10 - OPINION AND ORDER

party seeking amendment since the inception of the cause of action") (citations and internal quotations omitted). Plaintiff's delay of over one year in seeking to amend the complaint, despite having the prior knowledge of the relevant facts, weighs against allowing the amendment.

According to defendant, plaintiff's delay in seeking amendment is also "highly suspect and suggests bad faith." Def.'s Opp'n to Mot. Am. 3. Even accepting plaintiff's assertion that he did not know of a potentially retaliatory motive until Nelson's October 3, 2013 deposition, the fact remains that he waited over two months and was granted an extension of time to oppose defendant's motion for summary judgment before seeking to amend his complaint. Nonetheless, the Court finds that there is no affirmative evidence of bad faith outside of plaintiff's delay.

Prejudice may be found where additional claims are "raised at the eleventh hour, after discovery [is] virtually complete and the [defendant's] motion for summary judgment [is] pending before the court." Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981). Prejudice may also be found if the parties need to reopen discovery or "have engaged in voluminous and protracted discovery." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (citation and internal quotations omitted); Lockheed, 194 F.3d at 986. As noted above, plaintiff waited until after discovery was complete and defendant had moved for summary judgement to amend his

Page 11 - OPINION AND ORDER

complaint. If plaintiff's motion is granted, defendant would also need to "conduct further discovery from Plaintiff and others" on the issue of retaliation. Def.'s Opp'n to Mot. Am. 6. Thus, this factor weighs against allowing the proposed amendments.

Due to a strong showing of delay and prejudice, the Court finds it unnecessary to address defendant's arguments concerning futility, but nonetheless notes that the parties presented conflicting evidence on the issue of who made the decision to terminate plaintiff, why, and whether Coleman had prior knowledge of plaintiff's whistle-blowing activities. See Judge Decl. Exs. B & D; Bernick Decl. Exs. 1-3. Finally, the Court finds that the PAC arises out of conduct set forth in plaintiff's original complaint - i.e. plaintiff initiated and cooperated with an investigation into local management practices requiring employees to work without pay, his managers ostracized him for his participation, and he was ultimately terminated. Compare Compl. ¶¶ 15, 21, 22, 37, with PAC ¶¶ 15, 21, 22, 39, 40, 43-52. Accordingly, plaintiff's Or. Rev. Stat. § 659A.199 claim relates back to the original complaint and is therefore not time barred. See Fed. R. Civ. P. 15(c)(1)(B).

In sum, the PAC would cause undue delay and prejudice to defendant, and plaintiff failed to establish good cause. Accordingly, plaintiff's motion is denied.

Page 12 - OPINION AND ORDER

**CONCLUSION**

Plaintiff's motion to file an amended complaint (doc. 28) is DENIED. Plaintiff's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 3 day of ~~February~~ March 2014.

Ann Aiken
United States District Judge