IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD JENKINS,                                    Case No. 3:12-cv-01758-AA
                                                         OPINION AND ORDER
          Plaintiff,

     v.

VESTAS-AMERICAN WIND
TECHNOLOGY, INC., a
foreign corporation,

          Defendant.
_____

Craig A. Crispin
Crispin Employment Lawyers
1834 S.W. 58th Avenue, Suite 200
Portland, Oregon 97221

John Judge
Judge, Kostura & Putnam, PC
2901 Bee Cave Road, Box L
Austin, Texas 78746
     Attorneys for plaintiff

Carol J. Bernick
James G. Parker
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
     Attorneys for defendant


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Richard Jenkins filed suit against defendant Vestas-American Wind Technology, Inc., alleging claims under the Americans with Disabilities Act ("ADA") and Oregon common law. Defendant moves for summary judgement pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion is granted in part and denied in part.

## BACKGROUND

From October 2008, through August 2011, plaintiff was employed as a project technician by defendant. Plaintiff traveled to wind farm locations nationwide to perform construction and maintenance on wind turbine towers. Plaintiff's direct supervisor was Stacy Nelson, who was based in defendant's Portland office; plaintiff also reported directly to local supervisors at each job site. The position was physically demanding, requiring plaintiff to lift, push, or carry fifty pounds; climb heights up to 410 feet; work in confined spaces atop towers in adverse weather conditions; stand or walk for prolonged periods; and stoop, kneel, crouch, or crawl regularly.

During his employment with defendant, plaintiff sustained several injuries. Most recently, plaintiff experienced a knee injury that required surgery. On March 28, 2011, plaintiff filed a workers' compensation claim relating to his knee injury. On

April 1, 2011, plaintiff went on leave under the Family Medical Leave Act ("FMLA") to recover from knee surgery. After twelve weeks, plaintiff's FMLA leave was exhausted, but he did not have clearance from his doctor to return to work. Defendant granted plaintiff additional leave from June 24, 2011, through August 12, 2011. On August 12, 2011, plaintiff was terminated because he still did not have medical clearance to return to full duty work.

On September 28, 2012, plaintiff filed a complaint in this Court, alleging: (1) failure to accommodate and wrongful termination claims under the ADA; and (2) a wrongful discharge claim under Oregon common law. On November 15, 2013, defendant moved for summary judgment. On December 9, 2013, plaintiff moved to amend his complaint. On March 3, 2014, this Court denied plaintiff's motion to amend, leaving the original complaint as the dispositive pleading.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, "show that there is no genuine dispute as to any material fact and that the [moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a

Page 3 - OPINION AND ORDER

verdict for the nonmoving party determines the authenticity of a dispute.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  <u>Id.</u> at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>T.W. Elec.</u>, 809 F.2d at 630.

## DISCUSSION

Defendant asserts that plaintiff's ADA claims fail because he is not a qualified individual within the meaning of the statute. Defendant also contends that plaintiff cannot sustain disability discrimination claims under the ADA because he was terminated due to his inability to perform the essential duties of his position. Finally, defendant asserts that plaintiff's Oregon common law wrongful discharge claim fails because plaintiff has an adequate

statutory remedy and cannot show a casual connection between the protected activity and his termination.

I.   ADA Claims

Plaintiff asserts that, in violation of the ADA, defendant discriminated against him by failing to accommodate his disability and by terminating him.  Because plaintiff was allegedly terminated as a result of defendant's failure to accommodate, his two ADA claims are analyzed together.  Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1139-40 (9th Cir. 2001).

The Ninth Circuit applies the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), to disability discrimination claims under the ADA.  See, e.g., Risteen v. Wal-Mart Stores, 2010 WL 1838105, *3 (D.Or. Apr. 30, 2010).  Pursuant to this framework, the plaintiff must first demonstrate a prima facie case, which requires a showing that: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability."  Allen v. Pac. Bell, 348 F.3d 1113, 1114 (9th Cir. 2003); see also 42 U.S.C. §§ 12111, 12112.

Regarding the second element, "[q]ualification for a position is a two-step inquiry."  Bates v. United Parcel Serv., Inc., 511 F.3d 974, 990 (9th Cir. 2007).  First, the court must examine

whether plaintiff had the requisite "skills, training, and experience" to do the job. Id. Next, the court "considers whether the individual can perform the essential functions of such position with or without a reasonable accommodation." Id. (citation and internal quotations omitted). Reasonable accommodation may include job restructuring or reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); see also Dark v. Curry Cnty., 451 F.3d 1078, 1089 (9th Cir. 2006).

If the plaintiff meets his initial burden of establishing a prima facie case of disability discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802. The burden then shifts back to the plaintiff to prove that the defendant's articulated reason was a pretext for discrimination. Id. at 804.

Initially, the Court notes that neither party addresses nor applies the McDonnell Douglas burden-shifting framework to plaintiff's disability discrimination claims. See generally Def.'s Mem. in Supp. of Mot. Summ. J.; Pl.'s Resp. to Mot. Summ. J. Instead, defendant asserts simply that plaintiff was not a qualified individual, such that it did not discriminate by terminating his employment. Plaintiff, in turn, is silent concerning whether defendant's actions were a pretext for discrimination and instead only argues that he was, in fact,

qualified within the meaning of the ADA.  In other words, the parties conflate the burden-shifting analyses, rendering certain requisite aspects of plaintiff's claim and defendant's motion incomplete.  For this reason, summary judgment is inappropriate, especially given the disputed issues of material fact, outlined below, regarding plaintiff's prima facie case and whether defendant's legitimate non-discriminatory reason was pretextual.

Defendant does not dispute that plaintiff had the skills, training, and experience to perform the project technician job. See Def.'s Mem. in Supp. of Mot. Summ. J. 7-16.  The parties disagree, however, about whether plaintiff could perform the essential functions of that job with or without an accommodation. Id. at 8; Pl.'s Resp. to Mot. Summ. J. 31; First Parker Decl. Ex. 1, at 45.

The essential functions for the project technician position are:

> [to] [e]nsure quality standards of [wind turbine generator] assembly, modification, and commissioning[;] troubleshoot and commission [wind turbine generators] according to best work practices and procedures; coordinate and document receiving, [i]nstallation, inspection and commissioning activities; act as a project site resource to accomplish the wide variety of project tasks and duties to accomplish the project goals and timelines; accurately report activities and status of work; complete reports and paperwork as required; travel as required to meet business needs with the flexibility to work overtime and weekends.

First Parker Decl. Ex. 1, at 62.  Physically, the project

technician must possess the ability to: "lift/push/carry up to 50 pounds," "climb stairs and ladders at heights between . . . 200-400 feet," "enter and work in a confined space at heights over . . . 330 feet," "perform demanding work at heights and with adverse conditions during operations and when participating in emergency activities," and "stoop, kneel, crouch or crawl as needed." Id. at 63.

Defendant asserts that plaintiff could not do his job without an accommodation. Notably, plaintiff's doctor had not cleared him to return to full duty work. Id. at 70-71, 78. As such, plaintiff conceded during his deposition that, at the time of his termination, he could not perform all of the essential functions of his position due to his physical limitations. Id. at 45.

Defendant further contends that plaintiff could not perform the essential duties of his position with an accommodation because plaintiff admitted there was nothing defendant "could do to get him up the tower," which is an essential duty to the project technician position. Def.'s Mem. in Supp. of Mot. Summ. J. 10; First Parker Decl. Ex. 1, at 46-48. In addition, defendant provided evidence that there were no open positions for which plaintiff was qualified on the date of his termination. Bailey Decl. ¶ 14. Essentially, defendant argues that it engaged in the interactive process, found no vacant positions for which plaintiff qualified, and therefore had no duty to extend plaintiff's leave indefinitely. See Def.'s

Page 8 - OPINION AND ORDER

Mem. in Supp. of Mot. Summ. J. 12-16; Bailey Decl. ¶¶ 12, 14.

Plaintiff does not dispute that he was physically unable to perform the essential functions of the project technician position without reasonable accommodation. See Pl.'s Resp. to Mot. Summ. J. 30-33. Instead, plaintiff asserts that defendant could have accommodated him in his existing position by assigning office duties that did not require "extreme climbing or other violations of the doctor's restrictions." Id. at 30; see also First Judge Decl. Ex. L (plaintiff's work release form outlining his limitations). Plaintiff argues that it would have been reasonable for defendant to make such an accommodation based on evidence that it had done so for other employees. See First Judge Decl. Ex. D, at 6. Plaintiff also submitted evidence demonstrating that at least three other project technicians who sustained injuries preventing full duty work were assigned "office duty" until they healed. First Judge Decl. Ex. M, at 4-5. Not all of plaintiff's job functions were physical; he testified that he performed several sedentary duties, including receiving, inspecting, and delivering parts. Second Judge Decl. Ex. 1, at 11-12. Moreover, at least two technicians in defendant's Portland office never climbed towers. See First Judge Decl. Ex. C, at 32-34. Plaintiff acknowledges that neither he, nor any other employee, performed non-physically demanding functions on a full time basis, but asserts that some employees were assigned these duties more frequently than he was.

Page 9 - OPINION AND ORDER

Second Judge Decl. Ex. 1, at 12-14.

Plaintiff also argues that defendant could have provided an accommodation by reassigning him to another job. Plaintiff testified that he saw an open project planner position on defendant's website or another job board at the time of his termination and that he would have been able to perform the essential functions of that job. First Parker Decl. Ex. 1, at 49-54. Plaintiff, however, does not identify the qualifications for that position.

Nevertheless, construing the facts in the light most favorable to plaintiff, and drawing all reasonable inferences in his favor, genuine issues of material fact exist regarding whether defendant could have restructured plaintiff's job duties to comport with his physical limitations. Further, a disputed issue of material fact exists concerning whether there may have been an open position for which plaintiff was qualified on or around the time of his termination. In other words, a reasonable jury could find that defendant's proffered non-discriminatory reason for terminating plaintiff was pretextual. Therefore, defendant's motion is denied as to plaintiff's ADA disability discrimination claims.

II. <u>Oregon Common Law Claim</u>

Defendant asserts that plaintiff's common law wrongful discharge claim is preempted because an adequate statutory remedy exists. Alternatively, defendant argues that plaintiff has no

Page 10 - OPINION AND ORDER

evidence of a causal connection between a protected activity and his termination.

Absent a contractual, statutory, or constitutional requirement, the general rule is that an employer may discharge an employee at any time for any reason. Babick v. Or. Arena Corp., 333 Or. 401, 407 & n. 2, 40 P.3d 1059 (2002) (citation omitted). The tort of wrongful discharge provides a narrow exception, based on public policy, to the general rule that provides a remedy when an employee is discharged for fulfilling an important societal obligation or for exercising an employment-related right of public importance. Id. To state a prima facie claim for wrongful discharge, "the employee must establish a 'causal connection' between a protected activity and the discharge." Estes v. Lewis & Clark Coll., 152 Or. App. 372, 381, 94 P.2d 792 (1998) (citing Shockey v. City of Portland, 313 Or. 414, 422, 837 P.2d 505 (1992), cert. den., 507 U.S. 1017 (1993)).

A plaintiff may not, however, bring a claim for the common law tort of wrongful discharge if he has an adequate statutory remedy. Walsh v. Consol. Freightways, Inc., 278 Or. 347, 352-53, 563 P.2d 1205 (1978); see also Bonaduce v. Goodyear Tire & Rubber Co., 1998 WL 115585, *1 (9th Cir. Mar. 16, 1998) (applying Oregon law). A statutory remedy is adequate "[w]here the legislature has adopted 'virtually all remedies that would have been available at common law.'" Underhill v. Willamina Lumber Co., 1999 WL 421596, *4

Page 11 - OPINION AND ORDER

(D.Or. May 20, 1999) (quoting <u>Farrimond v. La-Pac. Corp.</u>, 103 Or. App. 563, 567, 798 P.2d 697 (1990)).

Plaintiff filed for workers' compensation benefits in Texas because he is a resident of that state. Plaintiff contends that "Oregon's public policy, as announced in <u>Ness [v. Hocks</u>, 272 Or. 210, 536 P.2d 512 (1975)], protects [him] from termination because he sought to access workers compensation benefits [under Texas law] for an injury he suffered while working for [defendant]." Pl.'s Resp. to Mot. Summ. J. 36. Plaintiff is correct that Oregon's workers' compensation statute, Or. Rev. Stat. § 659A.040(1), only protects employees who apply for benefits under Oregon law. <u>Id.</u> at 35. Nonetheless, plaintiff's argument ignores the fact that an adequate statutory remedy need not be found within the forum state's statutory scheme. <u>See, e.g.</u>, <u>Walsh</u>, 278 Or. at 351-53 (Oregon common law wrongful discharge claim preempted because an adequate statutory remedy existed under federal law); <u>Reid v. Evergreen Aviation Ground Logistics Enters. Inc.</u>, 2009 WL 136019, *21 (D.Or. Jan. 20, 2009) (same).

Here, an adequate statutory remedy exists under Texas statute and the ADA. Texas, like Oregon, prohibits an employer from discharging an employee because that employee has filed a workers' compensation claim. <u>See</u> Tex. Lab. Code § 451.001. A person who is discharged in violation of Tex. Lab. Code § 451.001 can seek "reasonable damages" incurred as a result of the violation and

Page 12 - OPINION AND ORDER

"reinstatement in the former position of employment." Tex. Lab. Code § 451.002.    These damages are nearly identical to those available under Oregon's workers' compensation statute, which has been held to preclude Oregon common law wrongful discharge claims. Compare id., with Or. Rev. Stat. §§ 659A.040, 659A.885; see also Whitley v. City of Portland, 654 F.Supp.2d 1194, 1224-25 (D.Or. 2009).

Moreover, to the extent plaintiff's wrongful discharge claim is premised on disability discrimination, as defendant notes, the ADA "makes available the full gamut of remedies making plaintiff's wrongful discharge claim superfluous."    Def.'s Mem. in Supp. of Mot. Summ. J. 18; see also 42 U.S.C. §§ 12101-12213, 12117 (providing compensatory and punitive damages, and attorney fees, to any person establishing disability discrimination).    Because the remedies available under Texas statute and the ADA encompass the same remedies that would have been available under Oregon common law, plaintiff's wrongful discharge claim is preempted.

## CONCLUSION

Defendant's motion for summary judgment (doc. 21) is GRANTED as to plaintiff's Oregon common law wrongful discharge claim and DENIED as to plaintiff's ADA disability discrimination claims.    The parties' requests for oral argument are DENIED as unnecessary.

IT IS SO ORDERED.

Page 13 - OPINION AND ORDER

Dated this ____ day of April 2014.


Ann Aiken
United States District Judge